IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA ⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:⠀⠀⠀⠀⠀Civil No.
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:⠀⠀⠀⠀⠀`1:12-CV-1247(MAD/TWD)`
The Gillette Company, KeySpan Gas East Corporation (d/b/a⠀:
National Grid), Energizer Battery Manufacturing, Inc., Union⠀:
Carbide Corporation, Spectrum Brands, Inc., Brambles⠀⠀⠀⠀⠀:
Environmental, Inc., Clean Harbors Environmental Services, Inc.,⠀:
Qwest Communications International, Inc., Verizon New York,⠀:
Inc., 26 Railroad Avenue, Inc., A. P. Pharma, Inc., Ajinomoto⠀:
North America, Inc., Allegheny Ludlum, LLC, Amresco LLC,⠀:
Arizona Chemical Company, LLC, Atmos Energy Corporation,⠀:
Battery Broker Environmental Services, Inc., Buffalo Optical⠀:
Company, Cameron International Corporation, Chemtron⠀⠀⠀⠀:
Corporation, City of Lakeland Florida, City of North Tonawanda,⠀:
City of Richmond, Dukane Corporation, FirstEnergy Corporation,⠀:
Glit Division of CCP, LLC, Harding Metals, Inc., Honeywell⠀:
International, Inc., Johnson Controls, Inc., Los Angeles Unified⠀:
School District, MDI, Inc., Memphis Light, Gas & Water Division,:
⠀Metalor Technologies USA Corporation, Orange Water and Sewer:
Authority, Orlando Utilities Commission, Osram Sylvania, Inc.,⠀:
Partlow West Corporation, Pioneer Natural Resources USA, Inc.,⠀:
Potomac Electric Power Company, East Side Jersey Dairy, Inc.⠀:
(a/k/a Prairie Farms Dairy Anderson), Rutland Regional Medical⠀:
Center, Scana Corporation, Southern Union Company. Space⠀:
Systems/ Loral, Inc., Taylor School District, The M&P Lab, Inc.,⠀:
The Scripps Research Institute, TRW Automotive U.S., LLC,⠀:
⠀Union College, University Hospitals of Cleveland, Virginia⠀:
Natural Gas,York International Corporation,⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**COMPLAINT**

Plaintiff, the United States of America, on behalf of the Regional Administrator of the

United States Environmental Protection Agency, Region 2 ("EPA"), by its undersigned

attorneys, alleges as follows:

<u>STATEMENT OF THE CASE</u>

1.  This is a civil action brought under Sections 106 and 107 of the Comprehensive

Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606,

9607.  The United States seeks injunctive relief requiring Defendants to perform certain response

actions at the Mercury Refining Superfund Site ("Mercury Refining Site" or "Site"), located in

Guilderland and Colonie, Albany County, New York.  The United States also seeks to recover

costs incurred and to be incurred in conducting actions in response to the release or threatened

release of hazardous substances at or from the Site.

<u>JURISDICTION AND VENUE</u>

2.  This Court has jurisdiction over this action under Section 113(b) of CERCLA, 42

U.S.C. § 9613(b), and 28 U.S.C. § 1345.

3.  Venue is proper in this district under Section 113(b) of CERCLA, 42 U.S.C. §

9613(b), and 28 U.S.C. § 1391(b), because the release or threatened release of hazardous

substances that give rise to this complaint occurred in this district and because the Site is located

in this district.

<u>DEFENDANTS</u>

4.  Each of the Defendants named in this complaint is a "person" within the meaning of

Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

5. At times relevant to this complaint, each of the Defendants (or one or more of their

corporate predecessors), with the exception of 26 Railroad Avenue, Inc., by contract, agreement, or otherwise, arranged for the disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by each such Defendant (or its predecessor) at the Mercury Refining Site, within the meaning of Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

6.  Defendant 26 Railroad Avenue, Inc., is the owner of a portion of the Mercury Refining Site.

<u>STATUTORY FRAMEWORK</u>

7.  CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as "response actions." 42 U.S.C. §§ 9604(a), 9601(25).

8.  Under Section 104(a)(1) of CERCLA:

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment . . . .

42 U.S.C. § 9604(a)(1).

9.  For CERCLA response actions and enforcement purposes, the Administrator of EPA is the President's delegate, as provided in operative Executive Orders, and, within certain limits, the Regional Administrators of EPA have been re-delegated this authority, which has been

further re-delegated to the Director of the Emergency and Remedial Response Division.

<u>GENERAL ALLEGATIONS</u>

10.  The Site is located in the towns of Guilderland and Colonie, Albany County, New York.

11.   The Site is defined by the extent of contamination associated with the Mercury Refining Company, Inc.'s past mercury reclamation processes.  It includes the Mercury Refining Company property.  It also includes portions of surrounding properties, including a portion of property owned by Allied Building Products Corporation, which lies to the east of the Mercury Refining Company property; a portion of property owned by Diamond W. Products, Inc., which lies to the west of the Mercury Refining Company property; a portion of the property owned by the Albany Pallet and Box Company, which lies to the north of the Mercury Refining Company property; and a portion of an unnamed tributary to the Patroon Creek, which is located to the south of the Mercury Refining Company property.  The Site also includes the I-90 Pond, which is approximately one mile downstream of the Mercury Refining Company property and is fed by Patroon Creek.

12.  From the mid-1950s until 1998, the Mercury Refining Company, Inc., operated a mercury reclamation business at the Site.  During this time, special "retort" ovens were used to heat mercury and mercury-bearing materials to recover mercury, which was then further processes and refined on the Site.

13.  During the course of operations at the Mercury Refining Company, hazardous substances were disposed of at the Site.  The hazardous substances that were brought to the Site were generated by a number of companies and other entities, including the Defendants, other

than 26 Railroad Avenue, or their predecessors in interest.

14.  As a result of mercury reclaiming activities at the Site, there have been releases or threatened releases of hazardous substances into the environment at the Site.

15.  Analysis of samples from the Site confirmed the presence of hazardous substances, as defined by Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), including, but not limited to, mercury and methylmercury.

16.  Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Site on the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B, on September 1, 1983.

17.  The New York State Department of Environmental Conservation ("NYSDEC") was the lead regulatory agency for the Site until 1999.

18.  In 1985, the Mercury Refining Company entered into a consent decree with the State of New York, under which it performed certain cleanup activities at the Site.

19.  Following the consent decree, operations at the Site continued, as did releases of hazardous substances into the environment at or from the Site.

20.  In 1999, NYSDEC requested that EPA assume primary responsibility for the Site and complete Site remediation under the Superfund program.

21.  Between 2000 and 2008, EPA conducted a remedial investigation and a feasibility study to evaluate conditions at the Site and study potential cleanup remedies.

22.  In 2008, EPA issued a Record of Decision ("ROD") to address the contamination at the Site.  Among other things, the ROD calls for the excavation and off-Site disposal of mercury contaminated soil; in-situ solidification and stabilization of soils in an area of the Site where the groundwater has a dissolved mercury concentration that exceeds a certain level; removal and

disposal of mercury contaminated sediments from a tributary to the Patroon Creek; development

and implementation of a long term Site management plan; and the implementation of

institutional controls to restrict future use and development of the Site.

23.  Certain Defendants have been working under EPA's oversight on the remedial

design for the remedy selected in the ROD.

24.  The remedial action required by the ROD is anticipated to cost approximately $9.3

million.

FIRST CLAIM FOR RELIEF

25.  Paragraphs 1 through 24 are realleged and incorporated herein by reference.

26.  Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) provides in pertinent part:

> the owner and operator of a vessel or a facility, [and]

> any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility . . . owned or operated by another party or entity and containing such hazardous substances

> shall be liable for –

> all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan; . . .

27.  The Site is a facility within the meaning of Section 101(9) of CERCLA, 42 U.S.C.

§ 9601(9).

28.  Hazardous substances, including, but not limited to, mercury and methylmercury, as

defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), have been released at the Site,

and/or there is a threat of such release at the Site, as defined by Section 101(22) of CERCLA, 42

U.S.C. § 9601(22).

29.  The United States has incurred response costs for actions taken in response to the release or threat of release of hazardous substances with respect to the Site through the date of filing of this complaint.  The United States will continue to incur response costs in connection with the Site in the future.

30.  The United States' response actions taken with respect to the Site and the costs incurred related to those actions are not inconsistent with the National Contingency Plan, which was promulgated under Section 105(a) of CERCLA, 42 U.S.C. § 9605, and is codified at 40 C.F.R. Part 300.

31.  Each of the Defendants, other than 26 Railroad Avenue, Inc., is a person, or a successor in interest to a person, who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substance(s) owned or possessed by such person, which were disposed of at the Site.  As such, these entities arranged for disposal of hazardous substances at a facility from which there is a release, and they are liable under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

32.  Defendant 26 Railroad Avenue, Inc., owns a portion of the Mercury Refining Site and is therefore liable under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

33.  Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), the Defendants are jointly and severally liable to the United States for all costs incurred and to be incurred by the United States in connection with the Site.

SECOND CLAIM FOR RELIEF

34.  Paragraphs 1 through 33 are realleged and incorporated herein by reference.  Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides in pertinent part:

[W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may . . . secure such relief as may be necessary to abate such danger or threat . . . .

35.   The President, through his delegate, the Regional Administrator of EPA Region 2, has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of a release of hazardous substances or a threatened release of hazardous substances at or from the Site.

36.   Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), authorizes the United States to bring an action to secure such relief as may be necessary to abate a danger or threat at the Site. In the ROD, EPA made determinations of the response actions necessary to abate a danger or threat with respect to soil, sediment and groundwater contamination at the Site.

37.   Pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the Defendants are jointly and severally liable to perform the remedial actions identified in the ROD, which actions EPA has determined are necessary to abate a danger or threat with respect to soil and groundwater contamination at the Site.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the United States respectfully requests that the Court:

1.   Enter judgment against each of the Defendants and in favor of the United States for all past and future response costs incurred and to be incurred by the United States in connection with the Site, including enforcement costs and interest;

2.   Enter judgment against each of the Defendants and in favor of the United States ordering the Defendants to perform certain response actions selected by EPA in order to abate the conditions at the Site;

-8-

3.  Enter a declaratory judgment against each of the Defendants and in favor of the United States, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), regarding the liability of each of the Defendants to the United States for response costs that will be binding on any subsequent action or actions by the United States against any of the Defendants to recover further response costs incurred in connection with the Site;

4.  Award the United States its costs of this action; and

5.  Grant such other and further relief as the Court deems appropriate.


Respectfully submitted,

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division


*/s/ Laura J. Rowley*
Laura J. Rowley
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044-7611
 (202) 616-8763
laura.rowley@usdoj.gov


RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York

Thomas Spina
Assistant United States Attorney
100 South Clinton Street, Room 900
Syracuse, NY 13261

OF COUNSEL:

Sharon Kivowitz
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 2
290 Broadway, 17th Floor
New York, NY 10007
(212) 637-3183